UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP COURTHOUSE

| | |
|---|---|
| Vincent DiBenedetto, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>Hard Rock Cafe International (USA), Inc.,<br><br>Defendant | 2:22-cv-06759<br><br><br><br>Class Action Complaint<br><br>Jury Trial Demanded |

Plaintiff alleges upon information and belief, except for allegations about Plaintiff, which are based on personal knowledge:

1.  Hard Rock Cafe International (USA), Inc. ("Defendant") operates and manages the Hard Rock Hotel & Casino Atlantic City 1000 Boardwalk Atlantic City NJ 08401-7415, among other Hard Rock casinos in the United States.

2.  A Las Vegas casino owner once uttered that "when we put 50 machines in, I consider them 50 mousetraps. You have to have a mousetrap to catch a mouse."

3.  However, Defendant employs certain "mousetraps" with no relationship to any odds and where patrons lose every single time.

4.  Most casino patrons are aware that overall, odds are stacked against them in gambling.

5.  Nonetheless, people frequent casinos to enjoy playing a game of chance with a reasonable chance to win.

6.  To participate in Defendant's slots and electronic table games, customers insert cards, cash, tokens, and/or coins.

7.  After a gaming session, players "cash out" unused credits on the machine.

8. This results in printing of a voucher that can be redeemed at ticket redemption kiosks positioned throughout the casino.

9. When the voucher is inserted, the machine is supposed to dispense the amount indicated to the customer in legal tender cash and coins.

10. The ticket redemption machines, however, only pay out whole dollar amounts.

11. The machine does not dispense coins and does not provide any meaningful instruction on how to redeem the balance.

12. No signage is available anywhere in the casino informing players on where to cash the remaining balance.

13. Instead of paying out the full balance of these "cash out" tickets and returning the funds to the customer in full, Defendant converts "cash out" tickets into a partial cash payment and another "cash out" ticket in lieu of dispensing coins.

14. Most of these "cash out" tickets for coins are never redeemed.

15. Many players are unsure of where to redeem their vouchers, and the ones who are decide it is inconvenient to wait in a line for over forty minutes to obtain the change they are entitled to.

16. The result is that players like Plaintiff discard their vouchers or even toss them into a fountain, the same way people toss actual change into fountains.

 

17. The practical impact of not dispensing the amounts beyond whole dollars lures customers to make more wagers, especially since they have to trek to far ends of the casino to receive their change.

18. Other casinos roundup the redemption ticket, like if a ticket is worth $102.15, the casino rounds up the voucher to $103.

19. Some casinos provide players an option to donate the excess funds directly to charity.

20. Some casinos close all kiosks and have players cash their vouchers at a sufficient number of active cashier windows, so customers are not deterred from waiting significant amounts of time for redemption of less than a dollar.

## Jurisdiction and Venue

21. Jurisdiction is based on the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

22. The aggregate amount in controversy exceeds $5 million, including any statutory and punitive damages, exclusive of interest and costs.

23. Plaintiff is a citizen of New York.

24. Defendant is a Florida corporation with a principal place of business in Florida.

25. The class of persons Plaintiff seeks to represent includes persons who are citizens of different states from which Defendant's is a citizen.

26. The members of the class Plaintiff seeks to represent are more than 100, because the practice of issuing vouchers for change has affected thousands of persons each day among Plaintiff's proposed classes, who have wagered at Hard Rock casinos in New Jersey and throughout the United States.

27. Venue is in this District with assignment to the Central Islip Courthouse because Plaintiff resides in Nassau County and a substantial part of the events and omissions giving rise to these claims occurred in here, including Plaintiff's awareness that the practices identified were deceptive, unlawful and/or unfair.

## Parties

28. Plaintiff Vincent DiBenedetto is a citizen of East Meadow, Nassau County, New York.

29. Defendant Hard Rock Cafe International (USA), Inc., is a Florida corporation with a principal place of business in Davie, Florida, Broward County.

30. Plaintiff visited the Hard Rock Casino in Atlantic City between June and October, 2022, and/or among other times.

31. When Plaintiff cashed out his balances, the machine printed vouchers with the balance owed, which contained a dollar amount and additional money between one and ninety-

nine cents.

32. Plaintiff attempted to cash out these tickets at ticket redemption kiosks in the casino.

33. However, Defendant only returned the whole dollar amount to Plaintiff instead of the full ticket amount.

34. When Plaintiff received "cash out" tickets from the ticket redemption machines instead of coins, Plaintiff either inserted these new tickets into other slot machines or discarded them because of the time, inconvenience, and obstacles to redeeming them.

35. This deceptive business practice compounded Plaintiff's overall losses.

## Class Allegations

36. Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following classes:

> **New York Class:** All persons in the State of New York who wagered at Hard Rock casinos in New Jersey and the United States during the statutes of limitations for each cause of action alleged.
>
> **Consumer Fraud Multi-State Class**: All persons in the States of North Dakota, Connecticut, Pennsylvania, South Dakota, North Carolina, South Carolina, Nebraska, Rhode Island, Maine, Wyoming, Kansas, Utah, Idaho, Alaska, West Virginia, and Montana, who wagered at Hard Rock casinos in New Jersey and the United States during the statutes of limitations for each cause of action alleged.

37. Common questions of issues, law, and fact predominate and include whether Defendant's representations and practices were and are unlawful, deceptive, unfair and misleading and if Plaintiff and class members are entitled to damages.

38. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive practices, representations, omissions, and actions.

39. Plaintiff is an adequate representative because his interests do not conflict with other members.

40. No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

41. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

42. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

<u>New York General Business Law ("GBL") §§ 349 and 350,
Florida Deceptive and Unfair Trade Practices Act
("FDUTPA") Fla. Stat. § 501.201 *et. seq.*, and/or New Jersey
Consumer Fraud Act, N.J.S.A., 56:8-1 *et. seq.*</u>

43. Plaintiff incorporates by reference all preceding paragraphs.

44. Defendant's business acts and practices and/or omissions are deceptive, unconscionable, unlawful, misleading and unfair under the above-identified consumer protection statutes.

45. Defendant acted unfairly and deceptively by refusing to return to slot and electronic table game players like Plaintiff the full value of their tickets when cashing out at a ticket redemption machine.

46. Defendant failed to provide adequate instructions on how to obtain the balance players were owed and/or imposed obstacles to the redemption of the vouchers it knew players would not surmount, resulting in greater revenues.

47. By paying out only whole dollars and retaining the coins owed to the player, Defendant has unlawfully withheld funds that rightfully belonged to Plaintiff and other players.

48. By paying out only whole dollars and dispensing another "cash out" ticket in lieu of

coins, Defendant engaged in a conduct that is intentionally designed to encourage the customer to make more wagers.

49. Defendant's business practices are designed to retain not only the coins the ticket redemption machines fail to pay out, but additional funds the customer will add to the machines along with the "cash out" ticket that should have been paid out in full at the ticket redemption machine.

50. Plaintiff and members of the Class have incurred damages and suffered ascertainable losses of money as a result of Defendant's actions.

<u>Violation of State Consumer Fraud Acts</u>
<u>(Consumer Fraud Multi-State Class)</u>

51. The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class are similar to the consumer protection statute invoked by Plaintiff and prohibit the use of unfair and deceptive practices.

52. The members of the Consumer Fraud Multi-State Class were harmed in the same way as Plaintiff, and may assert their consumer protection claims under the Consumer Fraud Acts of their States and/or the consumer protection statute invoked by Plaintiff.

<u>Breach of Contract</u>

53. Plaintiff and members of the Class entered into a contract with Defendant to make wagers with the understanding that all credits remaining on the voucher would be redeemed in full at the player's sole option, without imposing burdens and obstacles to doing so.

54. Plaintiff and members of the Class have fully performed all covenants, conditions and obligations required by them, except to the extent made impossible by the Defendant.

55. Defendant breached these contracts by failing to refund all credits in full.

56. As a direct and proximate cause of these breaches, Plaintiff and members of the Class

have incurred significant financial damages.

## Conversion

57. Plaintiff and members of the Class paid money to Defendant for the opportunity to gamble at Defendant's premises.

58. These monies were converted to credits that could be used to make wagers at the casino.

59. All remaining credits that were not wagered were refundable at any time.

60. Defendant unlawfully and wrongfully exercised dominion and control over Plaintiff's and class members' money by withholding and otherwise failing to pay coins remaining on cash out tickets.

61. Plaintiff and members of the Class have an ownership and/or possessory right in these monies as they are un-wagered funds belonging to the player.

62. Defendant's conduct was intentional, wrongful, reckless, and outrageous.

63. In the alternative, if the conversion and/or misappropriation was not deliberate, it is the result of Defendant's recklessness and gross neglect.

64. As a direct and proximate cause of these unlawful acts, Plaintiff and members of the Class have incurred significant financial damage.

## Unjust Enrichment

65. Defendant obtained benefits and monies because it kept the change beyond whole dollars which belonged to Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying Plaintiff as representative and the undersigned as counsel for the class;

2. Awarding monetary, statutory and/or punitive damages and interest;

3. Awarding costs and expenses, including reasonable fees for Plaintiff's attorneys and experts; and

4. Other and further relief as the Court deems just and proper.

Dated:   November 5, 2022

>Respectfully submitted,
>
>/s/Spencer Sheehan
>Sheehan & Associates, P.C.
>60 Cuttermill Rd Ste 412
>Great Neck NY 11021
>(516) 268-7080
>spencer@spencersheehan.com
>
>Law Office of James Chung
>James Chung
>43-22 216th St
>Bayside NY 11361
>Tel: (718) 461-8808
>jchung_77@msn.com